UNITED STATES, Appellee

v.

Willie A. BRADLEY, Seaman
U.S. Navy, Appellant

No. 11-0399

Crim. App. No. 200501089

United States Court of Appeals for the Armed Forces

Argued January 24, 2012

Decided February 29, 2012

STUCKY, J., delivered the opinion of the Court, in which ERDMANN
and RYAN, JJ., and EFFRON, S.J., joined. BAKER, C.J., filed a
separate opinion concurring in the result.


Counsel


For Appellant: Major Jeffrey R. Liebenguth, USMC (argued).


For Appellee: Captain Samuel C. Moore, USMC (argued); Colonel
Kurt J. Brubaker, USMC, and Brian K. Keller, Esq. (on brief);
Colonel Louis J. Puleo, USMC.


Military Judges: John W. Rolph and Christopher D. Conner


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge STUCKY delivered the opinion of the Court.

We granted review in this case to determine: (1) whether the United States Navy-Marine Corps Court of Criminal Appeals (CCA) was bound by this Court's prior decision that Appellant's unconditional guilty pleas were provident despite waiving a motion to disqualify trial counsel; (2) whether Appellant received ineffective assistance of counsel; and (3) whether the law of the case doctrine required the CCA to find prejudice from counsel's deficient performance given the CCA's prior holding that Appellant was entitled to relief. We hold that the CCA properly determined the degree to which it was bound by our prior decision and that, even if counsel was deficient, Appellant was not prejudiced by the deficient performance.[1]

I.

A.

Appellant and three other sailors were involved in a drive-by shooting. United States v. Bradley, 68 M.J. 279, 280 (C.A.A.F. 2010). Appellant and another sailor discharged a loaded firearm at a vehicle containing three other sailors. Id. One of those sailors was struck by a bullet but survived the incident. Id. Appellant was charged with attempted murder, conspiracy to commit murder, and reckless endangerment in

---

[1] Furthermore, the law of the case issue is without merit, as the CCA cannot be bound by an earlier judgment this Court set aside.

violation of Articles 80, 81, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, 934 (2006).

Appellant entered into a pretrial agreement, in which he was granted immunity. He provided statements over the course of several interviews pursuant to that grant of immunity. Bradley, 68 M.J. at 280. After testifying against one co-accused, Appellant withdrew from the pretrial agreement. Id. Nevertheless, a trial counsel who had been made privy to the immunized statements remained on Appellant's case, which prompted Appellant to move on the basis of Kastigar v. United States, 406 U.S. 441 (1972), to dismiss the charges and disqualify trial counsel. Bradley, 68 M.J. at 280.

After the military judge denied Appellant's motions, Appellant entered into a second pretrial agreement and pled guilty unconditionally to one specification of assault with a means likely to produce grievous bodily harm and one specification of reckless endangerment in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934 (2006). Id. at 280—81. Discussion between the military judge and defense counsel indicated that defense counsel may have believed the motion to disqualify trial counsel was preserved for appeal despite Appellant's entering an unconditional guilty plea.

Appellant was sentenced to a dishonorable discharge and forty-eight months of confinement. In accordance with the

3

second pretrial agreement, the convening authority approved the sentence as adjudged.  Id. at 281.

B.

In its first opinion, the CCA determined that the motion to disqualify trial counsel was not waived and concluded that the military judge abused his discretion by not disqualifying trial counsel.  United States v. Bradley (Bradley I), No. 200501089, 2008 CCA LEXIS 398, at *20–*24, 2008 WL 5083894, at *6–*8 (N-M. Ct. Crim. App. Nov. 25, 2008) (unpublished).  The CCA further noted that Appellant's "guilty pleas were based in part upon a belief that his plea did not waive his right to appeal the military judge's denial of his motion to remove the trial counsel from his case due to a violation of Kastigar."  Id. at *1–*2, 2008 WL 5083894, at *1.  The CCA appeared to also decide in the alternative that it could have found Appellant's plea improvident solely on Appellant's misunderstanding about preserving the motion to disqualify.  Id. at *20, 2008 WL 5083894, at *6.

C.

After the CCA's first opinion, the Judge Advocate General certified two issues to this Court, and we specified a third issue -- whether Appellant had waived the motion to disqualify trial counsel.  Bradley, 68 M.J. at 280.  This Court held that the "unconditional guilty plea waived [Appellant's] ability to

4

appeal the military judge's denial of his motion to disqualify trial counsel as well as the motion to dismiss." Id. In so deciding, we said that:

> Nor does the application of the [waiver] doctrine render Appellant's plea improvident. It is settled that a guilty plea will not be rejected as improvident unless there is a substantial basis in law or fact for doing so. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). Here, Appellant, represented by experienced civilian defense counsel, explicitly entered an unconditional plea of guilty. There is no allegation of ineffective assistance of counsel, or that Appellant (who was getting the benefits of a quite favorable pretrial agreement) did not understand what he was doing. The possibility that he thought the issue relating to the disqualification of trial counsel would be preserved in the face of an unconditional guilty plea does not render that plea improvident.

Id. at 282–83.

D.

On remand to the CCA, Appellant alleged that his pleas were improvident because he had mistakenly believed he had preserved the disqualification motion and because he had received ineffective assistance of counsel when his attorney informed him that the motion to disqualify trial counsel was preserved for appeal. United States v. Bradley (Bradley II), No. 200501089, 2011 CCA LEXIS 20, at *4, 2011 WL 666855, at *2 (N-M. Ct. Crim. App. Feb. 15, 2011) (unpublished). The CCA concluded it was bound by this Court's prior decision that application of waiver alone would not result in an improvident plea. Id. at *5, 2011

5

United States v. Bradley, No. 11-0399/NA

WL 666855, at *2 ("[W]e are substantively bound by the majority's holding that application of waiver in this case does not render the appellant's pleas improvident.").

The CCA then considered Appellant's ineffective assistance of counsel claim, and, while finding that defense counsel provided erroneous advice, it held that such error "did not rise to the standard of 'deficient performance' under Strickland." Id. at *7, 2011 WL 666855, at *3. The CCA further held that even if there was error, there was no prejudice after reviewing the entire record. Id. at *7–*8, 2011 WL 666855, at *3.

II.

The CCAs are bound by this Court's conclusions of law on remand. Cf. United States v. Allbery, 44 M.J. 226, 228 (C.A.A.F. 1996) (noting that this Court's precedent is binding in subsequent cases absent a change of circumstances); see also Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues."). In previously reviewing Bradley's case, a majority of this Court held that waiver applied and that "application of the [waiver] doctrine [did not] render Appellant's plea improvident." Bradley, 68 M.J. at 282. We determined that even if Appellant had incorrectly believed he had preserved the disqualification motion, that alone was not a sufficient indication "that

6

Appellant . . . did not understand what he was doing." Id. at 283.

We did not foreclose every possibility for finding Appellant's plea improvident; rather, we only determined that Appellant's mistaken view on whether his disqualification motion was waived did not require the court to find his plea improvident. Id. at 282-83 ("Nor does the application of the [waiver] doctrine render Appellant's plea improvident . . . . There is no allegation of ineffective assistance of counsel.") (citation omitted).

The CCA in Bradley II correctly recognized that it was "substantively bound by the majority's holding that application of waiver [alone] in this case does not render the appellant's pleas improvident." 2011 CCA LEXIS 398, at *5, 2011 WL 666855, at *2. Significantly, the CCA did not refuse to consider the ineffective assistance of counsel issue. Rather, the CCA considered Appellant's claim but determined that Appellant's attorney's actions were neither deficient nor prejudiced Appellant. Id. at *6-*8, 2011 WL 666855, at *2-*3. The CCA did not err in determining which portions of this Court's prior opinion substantively bound its review.

III.

A.

We review assertions of ineffective assistance of counsel de novo. United States v. Gooch, 69 M.J. 353, 362 (C.A.A.F. 2011) (citing United States v. Mazza, 67 M.J. 470, 474 (C.A.A.F. 2009)). In the guilty plea context, the first part of the Strickland test remains the same -- whether counsel's performance fell below a standard of objective reasonableness expected of all attorneys. Hill v. Lockhart, 474 U.S. 52, 56—58 (1985). The second prong is modified to focus on whether the "ineffective performance affected the outcome of the plea process." Id. at 59. It is not necessary to decide the issue of deficient performance when it is apparent that the alleged deficiency has not caused prejudice. See Loving v. United States, 68 M.J. 1, 2 (C.A.A.F. 2009). Here it is evident that Appellant has suffered no prejudice.

B.

"[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not

just 'conceivable,' likelihood of a different result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (citation omitted).

Appellant provided an affidavit, in which he states that: "There would have been little reason for me to plead guilty if I had known the [disqualification] issue was not preserved for appeal, so I would not have done so." Appellant further argued in his brief that because the CCA in <u>Bradley I</u> indicated that he would have prevailed on having trial counsel disqualified, he has shown prejudice.

When an appellant argues that counsel was ineffective for erroneously waiving a motion, it makes sense to deny the claim if the appellant would not be entitled to relief on the erroneously waived motion, because the accused cannot show he was harmed by not preserving the issue. See <u>United States v. Cornelius</u>, 37 M.J. 622, 626 (A.C.M.R. 1993). However, the accused is wrong to assume the opposite is true -- merely being entitled to relief on an erroneously waived motion does not by itself satisfy the prejudice analysis in the guilty plea context.[2] Appellant also must satisfy a separate, objective inquiry -- he must show that if he had been advised properly,

---

[2] Even if the CCA was correct in <u>Bradley I</u> that Appellant was entitled to have trial counsel disqualified, that conclusion alone does not resolve the prejudice analysis for this ineffective assistance of counsel claim; thus, even if the law of the case doctrine applied, it would not resolve the issue before us.

then it would have been rational for him not to plead guilty. See Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010). In this case, it would not have been rational for Appellant to reject his pleas.

Even if the military judge had disqualified trial counsel, it would not have changed the nature of the evidence Appellant faced. The Government produced affidavits indicating that the three co-accuseds would have testified that Appellant had not been threatened into acting, that Appellant had not acted in self defense, that Appellant fired his weapon at an occupied vehicle, and that Appellant had not expressly stated his intent before or after discharging his weapon.[3] Of course, use of a deadly weapon is sufficient to support an inference that death or great bodily harm was intended. United States v. Wilson, 26 M.J. 10, 13 (C.M.A. 1988).

The Government had a fairly strong case against Appellant, and Appellant's plea agreement allowed him to avoid a possible life sentence.[4] Appellant has not denied his involvement or argued that he was entitled to some affirmative defense. His

---

[3] The quantity and quality of evidence that would have been admissible can be determined from the military judge's ruling, which remains effective since Appellant waived the Kastigar issue.

[4] Appellant had a pretrial agreement that limited his amount of confinement to four years with anything over that period being suspended for twelve months, in a case in which he was facing a

10

best argument is that he did not specifically intend to kill or cause great bodily harm; but, candidly, that is a weak argument given the state of the evidence as described above.

The preceding discussion highlights a significant point -- Appellant has failed to draw a link between the disqualified trial counsel and the manner in which trial would have proceeded had trial counsel been disqualified, even assuming Appellant pled not guilty. Appellant has not indicated what specific facts would have been unavailable to a new prosecutor or what specific facts he could have utilized had a new prosecutor been put on the case.

For these reasons, Appellant has not convinced us that it would have been rational for him to have rejected the plea offer just for the opportunity to change the identity of trial counsel. Cf. Premo v. Moore, 131 S. Ct. 733, 744 (2011) ("The state court here reasonably could have determined that Moore would have accepted the plea agreement even if his second confession had been ruled inadmissible. . . . [T]he State's case was already formidable . . . . At the same time, Moore faced grave punishments."). Appellant cannot show he was prejudiced on these facts.

---

maximum sentence of life, Manual for Courts-Martial, United States pt. IV, para. 4.e. (2002 ed.).

IV.

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Bradley, No. 11-0399/NA

BAKER, Chief Judge (concurring in the result):

I would not have found waiver in United States v. Bradley, 68 M.J. 279, 285 (C.A.A.F. 2010) (Baker, J., dissenting). However, Bradley having determined that it was settled law at the time that an unconditional guilty plea waived Appellant's motion to disqualify the trial counsel, even if the military judge and the parties believed otherwise, then it seems Appellant's counsel would have been ineffective for entering an unconditional plea while advising Appellant that the motion was preserved.

Prejudice, however, under the second prong of United States v. Strickland, 466 U.S. 668 (1984), presents a closer question. The prejudice question is not whether the case was overwhelming or strong, but whether Appellant was prejudiced by the failure to have his motion to disqualify trial counsel adjudicated. That depends first on whether he would have prevailed on the motion, and second, whether Appellant has shown that his knowing and voluntary choice to plead guilty was affected by his understanding that his motion to disqualify trial counsel could be appealed.  The decision to waive one's right to a trial of the facts does not depend necessarily on whether the evidence is overwhelming or not, or whether an accused would be well advised to plead guilty rather than contest the charges.  It depends on

the accused's voluntary and knowing waiver of his right to a trial of the facts.

In this case Appellant has stated in his appellate declaration that he would not have pled guilty but for the erroneous advice.  However, there is nothing in the trial record to indicate that at the time of trial his decision to plead guilty rather than contest the charges was dependent on the "ineffective" advice he received from counsel.  Therefore, I concur in the conclusion that there was no prejudice and I concur in the result.