# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class JACOB S. LOMBARDI
## United States Air Force

## ACM 38637

## 1 September 2015

Sentence adjudged 25 April 2014 by GCM convened at Misawa Air Base, Japan. Military Judge: Matthew P. Stoffel (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Captain Richard J. Schrider and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.


HECKER, Senior Judge:

At a general court-martial composed of a military judge sitting alone, the appellant was convicted, consistent with his pleas, of attempted aggravated sexual contact, dereliction of duty, aggravated sexual contact, assault consummated by a battery and adultery, in violation of Articles 80, 92, 120, 128, and 134, UCMJ, 10 U.S.C. §§ 880, 892, 920, 928, 934. The court sentenced the appellant to a bad-conduct discharge, confinement for 16 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority lowered the confinement to 12 months in accordance with a pretrial agreement and approved the remainder of the sentence as adjudged.

On appeal, the appellant contends the attempted aggravated sexual contact and the assault consummated by a battery charges are multiplicious and constitute an unreasonable multiplication of charges. He also argues that if we conclude the appellant waived these issues, we find his trial defense counsel provided ineffective assistance of counsel. We disagree and affirm the findings and sentence.[1]

*Background*

The primary charges in this case stem from the appellant's conduct with a female Airman he met while both were students at the Defense Information School, a technical school for military members joining the public affairs career field.[2] In late February or early March 2012, the two were part of a group of students who went to a local strip club to celebrate another Airman's departure from the school. The 19-year-old appellant drank extensively in the parking lot and became belligerent and aggressive after he entered the club.

After a bouncer forcibly removed him from the premises, the appellant repeatedly tried to reenter the club and drank more alcohol in the parking lot. Approximately one hour later, the rest of the group left the club and got into the car. A female Airman sat next to the appellant and the two engaged in consensual kissing. Shortly before arriving back at base, the appellant pulled down his pants, exposed his penis, and repeatedly asked the Airman to touch it. She repeatedly said "no" but then briefly touched it in order to stop his demands. He immediately grabbed her hand and forced her to move her hand on his penis for approximately 30 seconds, resulting in the aggravated sexual contact charge. When another Airman in the car yelled at the appellant, the female Airman was able to remove her hand.

The appellant then put his arm around her shoulders and began pushing them down towards his penis while repeatedly telling her to kiss it. She repeatedly said "no" but the appellant continued to push down on her shoulder, upper back and head in an attempt to force her mouth to make contact with his penis. This led to the attempted aggravated sexual contact charge. While he was pushing down on the Airman's shoulders and upper back, he was also striking her upper back with his hand. For this conduct, he pled guilty to assault consummated by a battery. The appellant's efforts to force the Airman to touch his penis with her mouth were ultimately unsuccessful due to her resistance.

---

[1] The court-martial order erroneously states the appellant's sentence was adjudged by officer and enlisted members on 28 January 2014, when the sentence was adjudged by a military judge on 25 April 2014. Also, the word "finding" is missing from the summary of specification 2 of Charge III. We order the promulgation of a corrected CMO. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10.1 (6 June 2013).

[2] The adultery specification stemmed from the appellant's sexual encounter with the spouse of a fellow Airman after another night of drinking.

When the group reached the dormitory, a male Airman in the car confronted the appellant about his behavior. He forcibly removed the appellant from the car and the two had to be physically restrained by others in order to prevent a brawl.

The next day, the appellant asked to meet the female Airman so he could apologize for his behavior. The two met in the presence of another Airman and discussed what happened. He apologized to her and she told him to stay away from her in the future. The incident did not come to the attention of military investigators until June 2013.

*Multiplicity and Unreasonable Multiplication of Charges*

During his providence inquiry regarding the attempted aggravated sexual contact specification, the appellant described pushing on the Airman's shoulders and back in an effort to have her lips touch his penis. When she said "no," the appellant said he continued to push down on her and started hitting her in the back. He stated his acts of "pushing and hitting her back were more than mere preparation and was a substantial step in a direct movement toward forcing her to perform the sexual act." Later in that same inquiry, he responded to the military judge's questions by saying he attempted to commit the act "by using force to push down on her back and on her head."

After discussing several other specifications, the appellant then described why he was guilty of assault consummated by a battery. When asked why he was guilty of this offense, the appellant said, "[W]hile I was pushing down on [the victim's] shoulders and upper back in an attempt to force her to engage in sexual contact . . . I was also striking [her] upper back with my left hand in an up and down motion. . . ." He told the military judge this conduct was "part and parcel" of the actions he took in pushing the Airman towards his penis and said they were "different acts, same timeframe." The appellant could not recall the precise details of this contact but agreed the Airman found it offensive.

The appellant entered into a pretrial agreement in this case which contained a "waive all waivable motions" provision. Upon inquiry into what motions would have been raised absent that provision in the pretrial agreement, trial defense counsel listed several motions he had considered raising but did not reference multiplicity or unreasonable multiplication of charges.

The appellant did not raise those issues at trial but now contends the attempted aggravated sexual contact and the battery specifications are multiplicious due to the overlap between their elements. In the alternative, he argues they are unreasonably multiplied as both offenses arise from the same transaction.

ACM 38637

In *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), our superior court held a "waive all waivable motions" provision waived, rather than forfeited, a claim of multiplicity on appeal; and, therefore, the multiplicity claim was extinguished and could not be raised on appeal. The court held this issue was waived even though trial defense counsel did not specifically mention multiplicity as a motion that was initially considered but affirmatively waived by the provision. *Id.* at 314. The court held the appellant in *Gladue* waived multiplicity because the pretrial agreement required him to waive "all" waivable motions; the military judge conducted a thorough inquiry to ensure the appellant understood the effect of this provision, and he explicitly indicated his understanding that he was waiving the right to raise any waivable motion. *Id.* The court also stated the same position would result for claims of unreasonable multiplication of charges raised on appeal. *Id.*

In this case, the appellant waived all waivable motions as part of his pretrial agreement, and the military judge ensured he understood the meaning and effect of this provision. While trial defense counsel did not specifically articulate that the defense was waiving a potential multiplicity motion under this provision, this is not required. Consistent with *Gladue*, we find the appellant has waived his right to raise the issue of multiplicity and unreasonable multiplication on appeal; and, therefore, he is not entitled to relief on this issue. Additionally, we have considered whether we should decline to apply waiver under our broad authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to only approve those findings of guilty and the sentence or such part of the sentence as we find should be approved. *See United States v. Chin*, ACM 38452 (recon), unpub. op. at 6 (A.F. Ct. Crim. App. 12 June 2015) (noting that Article 66(c), UCMJ, empowers the service courts to consider claims of multiplicity or unreasonable multiplication of charges even when those claims have been waived). We decline to exercise that authority in this case.

*Ineffective Assistance of Counsel*

The appellant also contends that if we find the multiplicity and unreasonable multiplication of charges issues were waived by his guilty plea and pretrial agreement, his trial defense counsel was ineffective for failing to object to this charging scheme and raise it during the clemency proceedings.

The Sixth Amendment[3] guarantees the accused the "right to the effective assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 654 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). We review such claims de novo under the standards and two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010); *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). "In order

---

[3] U.S. CONST. amend. VI.

to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both that (1) his counsel's performance was deficient, and (2) this deficiency resulted in prejudice." *Green*, 68 M.J. at 361.

The trial defense counsel submitted a declaration regarding this issue after being ordered to do so by this court. In that declaration, he explains he had considered raising a motion regarding the potential overlap between these two specifications but elected not to do so after interviewing the victim and observing her testimony at the Article 32,UCMJ, 10 U.S.C. § 832, investigation. In the defense counsel's view, the striking of the victim on her back was a separate distinct act from the pushing on her shoulders even though they occurred during the same time frame. Based on the trial defense counsel's conversations with the appellant prior to trial, the appellant shared this view.

The trial defense counsel also explained the thought process of the defense in seeking a pretrial agreement and the appellant's priority during those negotiations was to have the government drop its allegation that he sexually assaulted the wife of a fellow Airman.[4] The trial defense counsel's efforts in this regard were successful and the appellant also received a cap on confinement. In the trial defense counsel's view, filing a multiplicity or unreasonable multiplication of charges motion would have jeopardized the appellant's chances of receiving the favorable pretrial agreement and could also have led the government to bring the victim to court to testify. The trial defense counsel considered her to be a powerful and effective witness for the government.

Having considered the trial defense counsel's declaration within the context of the record of trial, we find his decision not to file a multiplicity or unreasonable multiplication of charges motion at trial was a reasonable tactical decision and we decline to second guess it. *See United States v. Morgan*, 37 M.J. 407, 409–10 (C.M.A. 1993). Based on the defense counsel's investigation, such a motion was unlikely to succeed and could have jeopardized the appellant's efforts to secure a pretrial agreement. Additionally, in the guilty plea context, "to satisfy the 'prejudice' requirement, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* at 16–17 (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)). The appellant must satisfy an objective inquiry—he must show that if he had been advised properly, then it would have been rational for him not to plead guilty. *Id.* at 17. Here, the appellant has not met his burden.

The appellant also contends his trial defense counsel should have informed the convening authority in clemency about the relationship between these two specifications.

---

[4] The appellant ultimately pled guilty to engaging in adultery with her.

In the context of an allegation of ineffective assistance during the post-trial phase, because of the highly discretionary nature of the convening authority's clemency power, appellant meets his burden if he makes "some colorable showing of possible prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)) (internal quotation marks omitted). An appellant meets his burden where he demonstrates that effective representation from his trial defense counsel "could have produced a different result." *United States v. Frederickson*, 63 M.J. 55, 57 (C.A.A.F. 2006) (quoting *United States v. Brown*, 54 M.J. 289, 293 (C.A.A.F. 2000)) (internal quotation marks omitted). Here, the trial defense counsel's declaration does not discuss this allegation. However, we find appellant has not made a "colorable showing of possible prejudice." Thus he has not satisfied the second prong of the *Strickland* test as applied in the post-trial context. The theme of the appellant's clemency submission was the appellant's acceptance of responsibility for his misconduct with the female Airman and his agreement that she was truthful when she described what he did during their encounter. Given this and the appellant's misconduct, we find he has not made a colorable showing of possible prejudice from this allegedly deficient performance by the trial defense counsel.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court