**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman SAMUEL J. WHEELER**
**United States Air Force**

**ACM S32266**

**17 December 2015**

Sentence adjudged 4 September 2014 by SPCM convened at Laughlin Air Force Base, Texas. Military Judge: Shelly W. Schools (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Appellate Counsel for Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Major Mary Ellen Payne; Major Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

ALLRED, Chief Judge:

At a special court-martial composed of military judge alone, Appellant was convicted, consistent with his pleas, of wrongfully using cocaine, ecstasy, and psilocybin mushrooms in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court sentenced Appellant to a bad-conduct discharge, confinement for 3 months, and reduction to E-1. In accordance with a pretrial agreement (PTA), the convening authority approved 2 months of confinement and the remaining sentence as adjudged.

Before us, Appellant argues: (1) his trial defense counsel provided ineffective assistance by pressuring him to agree to a PTA, and (2) his sentence is inappropriately severe. Finding no error prejudicial to the substantial rights of Appellant, we affirm.

*Background*

Sometime between 1 October 2013 and 30 November 2013, Appellant attended a party in San Antonio, Texas. At that party, he and two other Air Force members ate psilocybin mushrooms.

On the evening of 14 December 2013, Appellant attended a party at the home of an Air Force member in Del Rio, Texas. Twice that evening Appellant went into a bedroom and snorted cocaine through a rolled dollar bill. On the first occasion, Appellant and the service member hosting the party used cocaine together. On the second occasion, a civilian joined Appellant and the host in snorting cocaine.

During March 2014, Appellant used 3,4-methylenedioxymethamphetamine, commonly known as "ecstasy" or "molly," at a concert on South Padre Island, Texas. Another Air Force member and a civilian used this drug with Appellant.

Additional facts necessary to resolve the assigned errors are included below.

*Ineffective Assistance of Counsel*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant claims his trial defense counsel provided ineffective assistance by coercing him to enter his PTA with the convening authority.

The Sixth Amendment[1] guarantees the accused the "right to the effective assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 654 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)) (internal quotation marks omitted). We review such claims de novo under the standards and two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010); *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). "In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *Green*, 68 M.J. at 361. The deficiency prong requires the appellant to show his counsel's performance fell below an objective standard of reasonableness according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. The prejudice prong requires the appellant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of

---

[1] U.S. CONST. amend. VI.

the proceeding would have been different." *Id.* at 694. In doing so, the appellant "must surmount a very high hurdle." *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997) (citing *Strickland*, 466 U.S. at 689). This is because counsel is presumed competent in the performance of his or her representational duties. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001).

In the guilty plea context, the second prong of the *Strickland* test is modified to focus on whether the "ineffective performance affected the outcome of the plea process." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill* 474 U.S. at 59) (alteration in original) (internal quotation marks omitted). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* at 16–17 (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)). The appellant must satisfy an objective inquiry—"he must show that if he had been advised properly, then it would have been rational for him not to plead guilty." *Id.* at 17.

Appellant contends that he agreed to enter a PTA only "out of fear." He claims his trial defense counsel, Captain (Capt) AK, manipulated him into believing that he could avoid "immense consequences" only by accepting a PTA. Appellant claims Capt AK never discussed with him the possibility of fighting the charges nor any strategy for doing so. Appellant claims that another Airman, who faced more damning government evidence and charges similar to his own, was acquitted of all charges—implying thereby that he too might have been found not guilty had he not entered his PTA.

Contradicting Appellant's claims is an affidavit from Capt AK. Capt AK agrees that, ultimately, he did advise Appellant that a PTA would be in his best interest. Capt AK declares, however, that he fully advised Appellant of his right to plead not guilty, along with the potential success, risks, and benefits of litigation. Capt AK notes that he negotiated a PTA reducing Appellant's potential confinement from twelve months to just two months. Capt AK states that he did not pressure Appellant. According to Capt AK, he advised Appellant that he was willing to litigate the case. Capt AK declares that Appellant not only entered his PTA voluntarily, but indeed strongly desired to plead guilty, because he wanted to "do the right thing and be honest about his offenses," and because he especially hoped to limit potential confinement.

Also contradicting Appellant's claim that Capt AK coerced him to enter his PTA is his own testimony at trial. During his providence inquiry, Appellant declared under oath that:

ACM S32266

(1) He entered his PTA of his own free will, and no one made any attempt to force or coerce him to do so;

(2) His trial defense counsel fully advised him of the nature of the charges against him and the possibility of defending against them, any defenses which might apply, and the effect of the guilty plea he offered to make;

(3) He fully understood his defense counsel's advice and the meaning, effect, and consequences of his guilty plea; and

(4) He was satisfied with his defense counsel's advice concerning this PTA.

Carefully reviewing the record in this case, we do not find that Capt AK's performance fell below an objective standard of reasonableness according to the prevailing standards of the profession. Finding no deficiency in the performance of trial defense counsel, we reject this assignment of error.

*Sentence Appropriateness*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant argues that his sentence, which includes a bad-conduct discharge, is inappropriately severe.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant argues that his career has been stellar and that his sentence "bears no reasonable relationship to the offenses for which he was convicted." We disagree. We have given individualized consideration to this particular appellant, to the nature and seriousness of the offenses, to Appellant's record of service, and to all other matters in the record of trial. We find the approved sentence to be correct in law and fact and determine that, on the basis of the entire record, it should be approved.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED.**

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court