*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jesus S. SANTIAGO**
Master-at-Arms Second Class Petty Officer (E-5), U.S. Navy
*Appellant*

**No. 202400399**

_____

Decided: 27 February 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Philip J. Hamon

Sentence adjudged 31 July 2024 by a special court-martial tried at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1 and forfeiture of $1,008.60 pay per month for 6 months.

For Appellant:
*Stephen H. Carpenter, Jr., Esq.*
*Captain Katherine Malcolm, USMC*

For Appellee:
*Lieutenant Erin H. Bourneuf, JAGC, USN*
*Major Mary Claire Finnen, USMC*

_____

**[This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.]**

_____

PER CURIAM:

Appellant was charged with one specification of impersonating an official and four specifications of false official statement, in violation of Articles 106 and 107, Uniform Code of Military Justice (UCMJ).[1] The charges stemmed from allegations he impersonated a congressional liaison, submitted fake letters, and made false official statements. Appellant pleaded guilty in accordance with a plea agreement to two specifications of making false official statements to law enforcement.

Appellant asserts one assignment of error (AOE) that we rephrase: Did Trial Defense Counsel (TDC) render ineffective assistance by advising and/or permitting Appellant to plead guilty to multiplicious specifications in violation of the prohibition against double jeopardy? We find no prejudicial error and affirm.

## I. BACKGROUND

Prior to trial, Appellant moved to dismiss a specification for unreasonable multiplication of charges.[2] The military judge denied the motion to dismiss at the time, however, the military judge told the parties he would readdress the issue once findings were announced.[3]

Later, Appellant entered into a plea agreement to plead guilty to Specifications 3 and 4, of Charge II, with certain exceptions and substitutions.

> Specification 3: In that [Appellant,] . . . did, at or near Chicago, Illinois, on or about 9 February 2019, with intent to deceive, make to [Naval Criminal Investigative Service (NCIS) agents], an official statement, to wit: that the letter from Douglas Taylor

_____

[1] 10 U.S.C. §§ 906, 907.

[2] App. Ex. XI. The motion was for an unreasonable multiplication of charges with a specification and charge no longer before the court based on the plea agreement.

[3] R. at 106.

dated 3 January 2019 was authentic, or words to that effect, which statement was totally false, and was then known by [Appellant] to be false.

Specification 4 (as excepted and substituted): In that [Appellant,] . . . did, at or near Chicago, Illinois, on or about 9 February 2019, with intent to deceive, make to [NCIS agents], an official statement, to wit: that I received a letter in the mail purporting to be from Douglas Taylor with a recommendation to the board that I not be held liable to my debt, or words to that effect, which statement was totally false, and was then known by [Appellant] to be false.

Appellant agreed to plead guilty to these two specifications of false official statement in exchange for the Government dismissing the remaining specifications and other charge. The parties also agreed that no punitive discharge, confinement, fine, or other lawful punishments would be adjudged, but Appellant would receive forfeiture of one-half pay per month for 6 months and reduction to E-1.

In a stipulation of fact, Appellant admitted that he was asked about the authenticity of a letter purporting to be from Douglas Taylor, Congressional Liaison, Assistant Secretary of the Navy (Manpower and Reserve Affairs), and told NCIS agents that it was authentic when he knew it to be false because he wrote and signed the letter.[4] When asked how he came into possession of a letter, he told NCIS agents that he "received the letter in the mail and that it was a recommendation that would be provided to the board that" he not be held liable for his debt.[5]

After the Court was assembled, and prior to taking Appellant's pleas, the military judge advised Appellant that he should make any motion to dismiss or to grant other appropriate relief.[6] Trial Defense Counsel raised no motions and entered pleas on behalf of Appellant in accordance with the plea agreement.[7] Appellant admitted to committing the two false official statements and agreed that his counsel had correctly stated his pleas.

Additionally, the military judge went over the provisions of the plea agreement with Appellant, including the agreement to waive all motions except

---

[4] Pros. Ex. 1 at 2.

[5] Pros. Ex. 1 at 3.

[6] R. at 157.

[7] R. at 158.

those that are non-waivable.[8] The military judge specifically said, "if there is a motion that has been filed that--that now you've agreed to waive and so the court has not ruled on that motion, or if there is any motion that you would have filed that you want to put on the record, you may do so."[9] Trial Defense Counsel responded that he had filed an unreasonable multiplication of charges motion that had not been ruled upon and also that he had considered, but did not file, a multiplicity motion.[10]

The military judge expressed skepticism that a motion to dismiss for multiplicity was waivable but wanted to hear TDC's position. Trial Defense Counsel stated, "We are not making any further motions on that, and I may have confused multiplicity with unreasonable multiplication of charges as well, but we -- the point is that the defense is not making those motions."[11] The military judge continued with Appellant to ensure he knew what motions he was waiving and that it would prevent him from considering it and the appellate court from making a determination on that motion in the future.[12] At the end of the inquiry, Appellant still wished to waive all waivable motions.[13]

On appeal, Appellant argues that TDC was ineffective for failing to make a motion to dismiss one of the specifications of which he pleaded guilty on the grounds that a conviction for both specifications violated the Double Jeopardy Clause of the Fifth Amendment.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We conduct a de novo review of ineffective assistance counsel claims.[14] When evaluating claims of ineffective assistance of counsel, this Court applies

---

[8] R. at 188.

[9] R. at 189.

[10] R. at 189.

[11] R. at 190.

[12] R. at 191.

[13] R. at 192.

[14] *United States v. Carter*, 79 M.J. 478, 480 (C.A.A.F. 2020) (citing *United States v. Bradley*, 71 M.J. 13, 16 (CA.A.F. 2012)).

the framework from *Strickland v. Washington*.[15] Under *Strickland*, an appellant bears the burden of demonstrating that (a) defense counsel's performance was deficient, and (b) this deficient performance was prejudicial.[16]

"The *Strickland* test applies in the context of guilty pleas where an appellant challenges the plea based on ineffective assistance of counsel."[17] However, the prejudice inquiry "is modified to focus on whether the 'ineffective performance affected the outcome of the plea process.'"[18] That is, the appellant must establish prejudice by showing there is a "reasonable probability that, but for counsel's errors [the appellant] would not have pleaded guilty and would have insisted on going to trial."[19]

The two-prong approach laid out in *Strickland* is not a sequential test. We need not always determine "whether counsel's performance was deficient before examining the prejudice suffered by the [appellant] as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."[20]

**B. Analysis**

Based on our review of the totality of circumstances in this case, and for the reasons cited below, we conclude that Appellant has failed to meet his burden.

Appellant does not assert that his unconditional plea of guilty did not waive the issue of whether the specifications in question were multiplicious, but rather says that Appellant's trial defense counsel were deficient in not raising that motion at trial in spite of the clause in his plea agreement where he agreed to waive all waivable motions. In evaluating Appellant's case, we note that recently, the Court of Appeals for the Armed Forces (CAAF) in *United States v. Malone* held that a motion to dismiss for multiplicity is waivable.[21] As such,

---

[15] 466 U.S. 668 (1984).

[16] *Id.* at 687.

[17] *United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)).

[18] *Bradley*, 71 M.J. at 16 (C.A.A.F. 2012) (quoting *Hill* 474 U.S. at 59).

[19] *Id.* at 16 (quoting *Hill*, 474 U.S. at 59).

[20] *Strickland*, 466 U.S. at 697.

[21] ___ M.J. ___, No. 25-0140/AR, 2026 CAAF LEXIS 62, at *11-12 (C.A.A.F. Jan. 20, 2026) ("We have previously recognized that a trial defense counsel waived a multiplicity claim on behalf of an accused in *Elespuru*, 73 M.J. [326,] 328-29 [(C.A.A.F.

we will consider Appellant's claim of ineffective assistance of counsel. In doing so, we find that we need not determine whether Appellant's TDC's performance was deficient here, because Appellant has not demonstrated that his counsel's performance prejudiced him.

There is absolutely no evidence in the record indicating that but for Appellant's counsel's advice that he would have insisted on pleading not guilty and requiring the Government to prove his guilt beyond a reasonable doubt. Rather, the record plainly demonstrates that even if his counsel had advised him that Specifications 3 and 4 of Charge II were multiplicious and that he could file a motion to dismiss, Appellant still would have accepted the terms of the plea agreement to get the benefit of his bargain.

The plea agreement was exceptionally favorable in disposing of additional specifications and a separate charge as well as significantly limiting Appellant's sentencing exposure. The Government's case was strong. The record reflects no compelling extenuating or mitigating circumstances in that case that would have resulted in a reduced sentence. Appellant acknowledged there was no justification for his conduct. He was not a junior Sailor. Appellant knew he could withdraw from the plea agreement because he had previously done so in this case.[22] In light of all these facts and circumstances at the time Appellant entered his guilty pleas, we conclude there is no "reasonable probability" that Appellant would have rejected the plea offer from the Government even if his TDC's performance was somehow deficient. Accordingly, Appellant has failed under *Strickland* to demonstrate prejudice in this case, and thus he is unable to meet his burden of establishing ineffective assistance of counsel.

---

2014)]. This precedent is consistent with federal civilian courts, which have specifically allowed an accused's counsel to waive double jeopardy claims, and multiplicity claims are ground in the Fifth Amendment right against double jeopardy. In light these circumstances, we see no reason to conclude that a counsel cannot waive a facially duplicative multiplicity claim on behalf of his or her client. This is especially true because Appellee cites no caselaw and no provision in the *Manual for Courts-Martial* that would require the accused to personally engage in a waive colloquy for this type of claim.") (footnote omitted).

[22] R. at 160.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[23]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[23] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.