**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Rudolph P. REIMONENQ**
**Damage Controlman Third Class (E-4), U.S. Coast Guard**

**25-013(66)**
**Docket No. 1513**

**07 May 2026**

General court-martial sentence adjudged on 27 August 2025.

| | |
|---|---|
| Military Judge: | CDR Timothy N. Cronin, USCG |
| | CDR Jeffery C. Barnum, USCG |
| | CDR Tereza Z. Ohley, USCG |
| Appellate Defense Counsel: | CDR Jason W. Roberts, USCG |
| Appellate Government Counsel: | LCDR Lorhel E. Stokes, USCG |
| | Mr. John P. Nolan, Esq. |

**BEFORE**
**McCLELLAND, BRUBAKER & PELL**
Appellate Military Judges

BRUBAKER, Judge:

This is the second time this case has come before us. While the case was pending trial, we considered a Government appeal of a ruling suppressing Appellant's statements to the Coast Guard Investigative Service (CGIS) and one of several statements he had made to his command. *United States v. Reimonenq*, No. 1509, 2025 WL 1702021 (C.G. Ct. Crim. App. June 18, 2025). We denied the appeal and affirmed the ruling. *Id*. at *7.

Subsequently, a military judge sitting as a general court-martial convicted Appellant, consistent with his pleas entered in accordance with a plea agreement, of one specification of willful dereliction of duty, one specification of false official statement, and two specifications of carrying a concealed weapon, in violation of Articles 92, 107, and 114, Uniform Code of

Military Justice (UCMJ). Appellant was sentenced to confinement for 518 days, reduction to E-1, and a dishonorable discharge. Judgment was entered accordingly.

Appellant personally raises the following issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982):

I.  Did the military judge err in finding that Appellant's command and CGIS did not commit unlawful command influence (UCI)?

II. Did trial defense counsel ineffectively represent Appellant by allowing him to plead guilty to the additional charge of making a false official statement when the statement made by Appellant had been suppressed by the military judge?

III. Did the military judge fail to inquire into Appellant's competency before accepting his pleas?

We conclude there is no error and affirm.

### Unlawful Command Influence

After the military judge denied Appellant's motion alleging that members of his command and CGIS committed UCI, Appellant entered into a plea agreement where he agreed to waive all waivable motions. During the guilty plea inquiry, the military judge reviewed this provision and expressly advised Appellant that by agreeing to this term and pleading guilty unconditionally, he was waiving the UCI issue. Appellant affirmed he understood and nonetheless desired to enter into the agreement and to plead guilty unconditionally.

Claims of "adjudicative" UCI such as this one are waivable. *United States v. Suarez*, 86 M.J. 65, 71 (C.A.A.F. 2025). The record amply supports that Appellant did so knowingly and intentionally. The issue is waived, and no further consideration is warranted.

### Ineffective Assistance of Counsel

Appellant asserts that his counsel were ineffective for allowing him to plead guilty to making a false official statement to CGIS when the evidence of Appellant's statement to CGIS had been suppressed. To prevail on this claim, Appellant has the burden of showing: (1) that his

counsel's performance was deficient, that is, fell below an objective standard of reasonableness; and (2) that but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *United States v. Akbar,* 74 M.J. 364, 379 (C.A.A.F. 2015) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). He also "must establish a factual foundation for a claim of ineffectiveness; second-guessing, sweeping generalizations, and hindsight will not suffice." *United States v. Davis,* 60 M.J. 469, 473 (C.A.A.F. 2005).

To establish the first prong—deficient performance—Appellant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. This presumption "is rebutted by a showing of specific errors made by defense counsel that were unreasonable under prevailing professional norms." *Davis,* 60 M.J. at 473. To establish the second prong—prejudice—in the context of a guilty plea, Appellant must show a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *United States v. Furth,* 81 M.J. 114, 117 (C.A.A.F. 2021).

Appellant offers no factual foundation to support his claim: no affidavits alleging specific errors and nothing in the record that would give rise to an inference of deficient performance. He instead broadly asserts that it was ineffective for his counsel to "allow" him to plead guilty to making a false official statement when the evidence of that statement had been successfully suppressed. There is no merit to this assertion.

First, the military judge personally addressed Appellant to ensure he understood the meaning and effect of pleading guilty and nonetheless chose to do so of his own free will. *See* Rule for Courts-Martial (R.C.M.) 910(c). By pleading guilty, Appellant waived any objection to the factual issue of his guilt to the offense, relieving the Government of its burden to prove his guilt with admissible evidence, as well as any non-jurisdictional defects regarding the additional charge. R.C.M. 910(j). Appellant offers nothing to support that his decision to plead guilty and give up these rights was induced by any erroneous advice or actions by his counsel.

Second—and even more tellingly—Appellant's decision to plead guilty was pursuant to a highly favorable pretrial agreement. In exchange for agreeing to referral and joinder of the additional false official statement charge to which he would plead guilty, the Government agreed to withdraw and dismiss the far more serious attempted premeditated murder charge and to a confinement term of time already served. There is no indication that such an agreement is impermissible, *see* R.C.M. 705, and once again, the military judge personally addressed Appellant to ensure Appellant himself understood the meaning and effect of the agreement and wished to be bound by it. Having been so advised and having received substantial benefit for adhering to the plea agreement, there is no basis to conclude that his counsel were somehow ineffective for "allowing" it.

There also is no evidence of prejudice. Appellant does not assert that, but for specific errors by his counsel, he would have pleaded not guilty and instead insisted on going to trial. Nor does anything in the record demonstrate a reasonable probability that he would have done so. He thus fails to establish prejudice. *See United States v. Bradley*, 71 M.J. 13, 17 (C.A.A.F. 2012) ("[M]erely being entitled to relief on an erroneously waived motion does not by itself satisfy the prejudice analysis in the guilty plea context. Appellant also must satisfy a separate, objective inquiry—he must show that if he had been advised properly, then it would have been rational for him not to plead guilty." (footnote omitted)).

Having failed to establish either deficient performance or prejudice, Appellant's claim of ineffective assistance of counsel fails.

**Whether the Military Judge Failed to Inquire into Appellant's Mental Competency**

"The question of whether an additional psychiatric examination is necessary rests within the discretion of the military judge and is reviewable only for abuse of discretion." *United States v. Collins*, 60 M.J. 261, 266 (C.A.A.F. 2004) (cleaned up).

Appellant underwent two sanity boards under R.C.M. 706. The first, ordered by the convening authority before referral of charges, concluded that Appellant was mentally responsible at the time of the offenses and was able to understand the nature of the proceedings

and to cooperate intelligently in his defense. At Appellant's request after referral of charges, the military judge ordered a second sanity board addressing only Appellant's capacity to participate in the proceedings. It again concluded that Appellant was able to understand the nature of the proceedings and to cooperate intelligently in his defense.

During the guilty plea inquiry, the military judge reviewed a stipulation of fact where Appellant expressly attested that he had not at any time suffered any mental defect or disease that caused him to commit the offenses. Appellant then was able to participate intelligently in a colloquy with the military judge where the military judge ensured Appellant understood and desired to enter into the plea agreement of his own free will, that he in fact committed the offenses to which he pleaded guilty with the requisite mental state, and that he could have avoided committing the offenses had he wanted to. Nothing during the colloquy or any other part of the guilty plea proceedings raised any concern about Appellant's mental responsibility at the time of the offenses or his capacity to participate in the proceedings.

Under these circumstances, we readily conclude that the military judge did not abuse his discretion by failing to order a third sanity board or otherwise inquire further into Appellant's mental responsibility or capacity.

## Decision

We determine that the findings and sentence are correct in law and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as entered into the record, are affirmed.

Chief Judge McCLELLAND and Judge PELL concur.



For the Court,

Sarah P. Valdes
Clerk of the Court