**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class JUAN M. M. SILVA**
**United States Air Force**

**ACM S32316**

**2 August 2016**

Sentence adjudged 19 February 2015 by SPCM convened at Travis Air Force Base, California.  Military Judge:  Matthew P. Stoffel (sitting alone).

Approved sentence:  Bad-conduct discharge, confinement for 60 days, forfeiture of $1,000.00 pay per month for 5 months, and reduction to E-1.

Appellate Counsel for Appellant:  Lieutenant Colonel Joy L.  Primoli and Major Lauren A. Shure.

Appellate Counsel for the United States:  Lieutenant Colonel Roberto Ramirez; Major Mary Ellen Payne; and Gerald R. Bruce, Esquire.

Before

SANTORO, BROWN, and SPERANZA
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas, of violating a lawful general regulation and exceeding authorized access to a computer system, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934.[1]  The military judge sentenced Appellant to a bad-conduct discharge, confinement for 5 months, forfeitures of $1,000.00 pay per month for 5 months, and reduction to E-1.  The convening authority reduced the confinement to 60 days, but approved the remainder of the sentence

---

[1] The Article 134, UCMJ, 10 U.S.C. § 934, violation assimilated 18 U.S.C. § 1030 as a crime or offense not capital.

in accordance with a pretrial agreement.[2]  Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant asserts that his counsel was ineffective and that his sentence is inappropriately severe.  We disagree and affirm.

*Background*

Angered at having received non-judicial punishment under Article 15, UCMJ, 10 U.S.C. § 815, Appellant went into his commander's office while the commander was not present.  He located the commander's access credentials for the Defense Finance and Accounting Service myPay website and used them to log onto the website pretending to be the commander.  Once inside the myPay website, Appellant changed the commander's allotment to the Thrift Savings Program from 6% of base pay to 92% of base pay, which resulted in his commander's receiving only $637.92 in base pay for two months.  Additionally, Appellant changed the commander's myPay password, accessed the commander's electronic leave and earnings statements, and had access to his bank account information and Social Security number.

Additional facts necessary to resolve the assignments of error are included below.

*Effectiveness of Counsel*

Appellant argues that his trial defense counsel was ineffective by persuading him to enter into a pretrial agreement and not exploring potential mental health defenses.  In reviewing claims of ineffective assistance of counsel, we look "at the questions of deficient performance and prejudice de novo."  *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330–31 (C.A.A.F. 2008)).

To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."  *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Under the first prong, the appellant has the burden to show that his "counsel's performance fell below an objective standard of reasonableness—that counsel was not functioning as counsel within the meaning of the Sixth Amendment."  *United States v. Edmond*, 63 M.J. 343, 351 (C.A.A.F. 2006) (quoting *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005)).  The question is, therefore, "did the level of advocacy 'fall[] measurably below the performance . . . [ordinarily expected] of fallible lawyers?'"  *United States v. Haney*, 64 M.J. 101, 106 (C.A.A.F. 2006) (quoting *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)) (alterations in original).  Under the second prong, the deficient performance must prejudice the accused through errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *United*

---

[2] The court-martial order, staff judge advocate review, and action incorrectly state Appellant's rank as Senior Airman when his rank was actually Airman First Class at the time of trial. These clerical errors do not prejudice Appellant's substantial rights.

*States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland*, 466 U.S. at 687). Counsel is presumed competent until proven otherwise. *Strickland*, 466 U.S. at 689.

Additionally, in the guilty plea context, "[t]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id*. at 16–17 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Further, Appellant must satisfy an objective inquiry: he must show had he been advised properly, that it would have been rational for him to reject the benefits of the pretrial agreement and to plead not guilty. *Id*. at 17.

In an affidavit submitted with his assignment of error, Appellant claims that he committed the offenses when he was experiencing severe symptoms of an unidentified mental condition.[3] He asserts that his attorney told him that utilizing that information was not "a viable option" but did recommend that he speak to a "mental board" to determine whether he could stand trial. Appellant states "using [his] mental condition as a defense was not fully explored" and asks that the "medical board . . . be reconsidered."

We are able to resolve this assignment of error without requiring the submission of an affidavit from trial defense counsel. *See United States v. Ginn*, 47 M.J. 236, 241–43 (C.A.A.F. 1997) (requiring no additional factfinding when Appellant's affidavit fails to support a claim). Contrary to the assignment of error drafted by counsel, Appellant does not claim he was persuaded to enter into a pretrial agreement. Absent any evidence supporting that portion of his claim, we conclude that he failed to meet his burden to establish either *Strickland* prong on that issue.

Appellant's mental health was thoroughly considered both before and during trial. The "medical board" Appellant refers to in his affidavit was a sanity board convened pursuant to Rule for Courts-Martial (R.C.M.) 706. The board was composed of two psychologists supervised by a psychiatrist. In the "short report" issued pursuant to R.C.M. 706(c)(3)(A) and considered by the military judge, the board found that Appellant understood the nature and seriousness of the charges against him and was able to understand the proceedings and cooperate fully in his defense. The board also found that at the time of the offenses, Appellant did not lack substantial capacity to appreciate the criminality of his conduct or to conform his behavior to the requirements of the law.

At trial, the military judge discussed the board's findings both with trial defense counsel and Appellant. The military judge twice correctly advised Appellant about the

---

[3] The Record of Trial suggests that this was bipolar disorder, although that is not stated in Appellant's affidavit.

defense of lack of mental responsibility. Appellant told the military judge, under oath, that he had discussed that issue and potential defense with his counsel and told the military judge that he did not want to assert that defense. Appellant further stated that when he submitted his offer for pretrial agreement, he was not suffering from the effects of bipolar disorder and understood the meaning and effect of a guilty plea. Significantly, the military judge sua sponte recessed the court overnight so Appellant could consider the issue and consult with counsel. Appellant does not contest the military judge's factual findings that nothing occurred at trial that would contradict the presumption of Appellant's competence.

Appellant has failed to meet his burden to establish that his counsel's performance was deficient. To the extent that Appellant belatedly challenges the conclusions of the R.C.M. 706 board, that issue was waived by his guilty plea, R.C.M. 910(j), and there is no factual assertion before us that Appellant involuntarily pled or was coerced into pleading guilty.

*Sentence Appropriateness*

Appellant alleges that a bad-conduct discharge is inappropriately severe for the offenses of which he was convicted. We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *United States v. Baier*, 60 M.J. 382, 383–85 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We assess sentence appropriateness by taking into account Appellant, the nature and seriousness of his offense, his record of service, and all matters inside the record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007).

While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

The maximum authorized sentence was the jurisdictional limit of the court-martial: reduction in rank to the lowest enlisted grade, forfeiture of two-thirds pay per month for 12 months, confinement for 12 months, and a bad-conduct discharge. Appellant negotiated a pretrial agreement limiting confinement to 60 days and permitting a bad-conduct discharge. The approved sentence of a confinement for 60 days and a bad-conduct discharge was clearly within the discretion of the convening authority.

We have given individualized consideration to this Appellant, his conduct, his military career and accomplishments, and the other relevant matters within the record of trial. Although the Defense Finance and Accounting Service was able to restore

Appellant's commander's pay distribution, Appellant's acts caused significant emotional stress to the commander and the commander's wife. Upwards of 40 hours of both the commander's and his wife's time were required to rectify the error. Credit- and Social Security number-monitoring services will now be required to protect against identity theft. Finally, the motive behind the crime—retaliation for imposition of military discipline—demonstrates significant prejudice to good order and discipline within the unit. Appellant also has an extensive disciplinary history which includes non-judicial punishment, a vacation of a suspended punishment, letters of reprimand, and a letter of counseling.

While we have considered his medical diagnosis and the effects of a bad-conduct discharge on his future treatment, we nevertheless conclude that the approved sentence (and one which Appellant himself negotiated and accepted) is not inappropriately severe.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist